[No. 6510. Decided October 26, 1906.]

ERNEST LISTER *et al., Appellants,* v. THE CITY OF TACOMA *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS — LOCAL IMPROVEMENTS — VALIDITY OF BONDS — MISTAKE AS TO PERIOD. Bonds for a local improvement, payable in cash or in ten annual installments, are not affected by a mistake in the original ordinance limiting the time for payment to five annual installments, where, upon discovery of the mistake, the city council passed another ordinance correcting the mistake, before levy of the assessment, the law not providing the time when the council should fix such time, and all the bidders and city officials having acted in the first instance under the impression that the annual installments were provided for; as no injury could have resulted to property holders under such circumstances.

Appeal from a judgment of the superior court for Pierce county, Irwin, J., entered September 12, 1906, upon findings in favor of the defendants, after a trial on the merits before

[1]Reported in 87 Pac. 126.

the court without a jury, in an action to enjoin the perform-
ance of a contract.   Affirmed.

*Boyle & Warburton,* for appellants.

*C. M. Riddell, R. E. Evans, J. W. Quick, A. R. Titlow,* and
*C. D. Eshelman,* for respondents.

DUNBAR, J.—This is a street improvement case from the
city of Tacoma.   The facts are conceded.   The contention
is that the facts found do not sustain the conclusions of law.
Briefly, the city council of the city of Tacoma, on June 20,
1906, passed a resolution of intention to pave and improve
certain streets in said district, including the property in ques-
tion, and to levy an assessment against the property to pay
for said improvements, by issuing bonds at seven per cent
interest, said bonds payable in cash or in ten annual install-
ments, at the option of the property holders.   An ordinance
was passed in conformity with the resolution.   By mistake
an old form was used, where the number of installments had
been five instead of ten, and the clerk failed to change the
word "five" to "ten."   The bids were made in accordance with
the notice given and other provisions of the city charter, and
this was the only notice given to the bidders.   After the same
was regularly given and published, the Asphalt Pavement
Company was awarded the contract for $56,473.

After the contract was let but before it was executed, it
was discovered that the ordinance and resolution of intention
to improve did not agree, by reason of the mistake which
we have mentioned above.   The city council, after the dis-
covery of said discrepancy, passed another ordinance amend-
ing the second section of the first ordinance by causing the
time of the payments of the assessments to be changed from
five annual installments to ten annual installments.

The contention of the appellants is that the city authori-
ties had no right to enter into the contract for the payment
of this work, by reason of the expressed difference between

the resolution and the ordinance; and that the correction of the ordinance after the letting of the contract was without force or effect. We are unable to determine from the statutes or from the charter, at what time the city must determine the time of the payments to be made for work of this kind. Pierce's Code, § 3754 (Laws 1899, p. 334), provides:

"The city council or other legislative body of such city ordering the making of a local improvement at the expense, in whole or in part, of the owners of property benefited, may ordain whether payment is to be made in one sum or by installments, and levy assessment upon the property benefited for its part, or the whole of the cost as the case may be."

In the absence of a law providing the time and conditions under which the payment should be made, we must conclude that the city council would have authority to make it at any time before the assessment was made for the payment of the work, unless it appears that, by reason of the failure to make it in advance of the submission for bids, the property owners would be injured. In this case the contention is that the property owners may have been injured, for the reason that the bidders might have taken into consideration the length of the investments which they would obtain, and that an investment at seven per cent for ten years might be considered preferable to an investment at seven per cent for five years; that the bidder would therefore take that into consideration in his bid, and that the property holder might receive the benefit of such consideration in a lower bid.

The facts found by the court are to the effect that this was a purely clerical error or mistake; that the bids were based upon ten years; that all the bidders bidding on said work understood said payments to be on the ten-year plan instead of the five-year plan; that all of the city officials, including the mayor, city council, city engineer, and commissioner of public works, so understood it; that the property owners in said district so understood it; that there were re-

monstrances filed against the doing of said work after the resolution of intention was passed; that said property owners thoroughly understood that the work was to be done upon a ten-year plan instead of a five, and that said error was a purely clerical error. So it is evident that no harm could have come to the bidders or to the city or to the property holders by reason of this mistake, because all the parties acted upon the theory that the ordinance did comply with the resolution, and that the ten-year payment plan was the plan which was considered by all parties.

But, if we understand the appellants, it is contended that other bidders might have been prompted to make a lower bid than any that was submitted had they understood that the work was to be done on the ten-year plan. It seems to us, however, that this is a possibility too remote, especially when it is considered that the ordinance and the resolutions provide that the payments may be made at the option of the property holders either in cash or by yearly installments. So that there could be really no assurance to any bidder that his investment would be made for any length of time, even for one year. We think public policy would not be subserved by holding an assessment invalid for the irregularity which is complained of in this case.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and RUDKIN, JJ., concur.

FULLERTON, J., dissents.

ROOT and CROW, JJ., took no part.